# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Earl Walton, | Case No. 22-CV-0506 (SRN/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeffrey Fikes, | |
| Respondent. | |

This matter is before the Court on Petitioner James Earl Walton's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1 ("Petition")) and (2) Motion to Transfer Venue (Dkt. 2 ("Transfer Motion")). For the following reasons, the Court recommends granting the Transfer Motion and transferring this action to the U.S. District Court for the Eastern District of North Carolina ("USDC-EDNC").

In August 2007, a USDC-EDNC grand jury indicted Walton on (1) one count of conspiring to possess and distribute cocaine, violating 21 U.S.C. § 841(a)(1) ("Count One"); (2) one count of possessing cocaine with intent to distribute, violating 21 U.S.C. § 841(a)(1); (3) one count of carrying firearms during and in relation to a drug-trafficking crime, violating 18 U.S.C. § 924(c)(1)(A) ("Count Three"); and (4) one count of being a felon in possession of firearms, violating 18 U.S.C. §§ 922(g)(1), 924. (*See* Indictment 1-2, *United States v. Walton*, No. 2:07-CR-0017 (BO) (E.D.N.C. Aug. 15, 2007).[1]) In

---

[1] Materials from Walton's criminal case do not appear in this action's docket. They are public judicial records, however, so this Court may take judicial notice of them. *See,*

January 2008, Walton and the Government entered into a plea agreement under which (in relevant part) Walton agreed to plead guilty to Counts One and Three, and the Government agreed to dismiss the remaining counts at sentencing. (*See* Mem. of Plea Agreement 1, 8, *United States v. Walton*, No. 2:07-CR-0017 (BO) (E.D.N.C. Jan. 7, 2008).) In May 2008, the USDC-EDNC sentenced Walton (again, in relevant part) to 240 months imprisonment on Count One and 60 months on Count Three, with the sentences to run consecutively. (*See* J. in a Criminal Case 3, *United States v. Walton*, No. 2:07-CR-0017 (BO) (E.D.N.C. May 29, 2008).) Walton is presently confined at the Federal Correctional Institution at Sandstone, Minnesota. (*See* Dkt. 1 at 1.)

At sentencing, the USDC-EDNC sentenced Walton as a so-called career offender. (*See, e.g.*, Hr'g Tr. 11, *United States v. Walton*, No. 2:07-CR-0017 (BO) (E.D.N.C. May 29, 2008) (referring to Walton's status as career offender).) Under § 4B1.1 of the applicable version of the U.S. Sentencing Guidelines (identical to the current version), a defendant qualifies as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Generally speaking, under the

---

*e.g.*, *von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019) (quoting *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 903–04 (8th Cir. 2017)); *Davis v. Minnesota*, No. 21-CV-1811 (MJD/ECW), 2021 WL 4295866, at *1 (D. Minn. Aug. 31, 2021), *R. & R. adopted*, 2021 WL 4290884 (D. Minn. Sept. 21, 2021).

Sentencing Guidelines, career offenders are to "receive a sentence of imprisonment 'at or near the maximum term authorized.'" *See* Thomas W. Hutchinson et al., Federal Sentencing Law and Practice § 4B1.1, Westlaw (2022 ed.) ("background" discussion in commentary section) (quoting 28 U.S.C. § 994(h)).

On February 28, 2022, the Court received the Petition. (*See* Dkt. 1.) Invoking 28 U.S.C. § 2241, the Petition asserts that Walton is challenging "[t]he validity of [his] conviction or sentence as imposed." (*Id.* at 2.) He raises one challenge: that the USDC-EDNC's decision to sentence him as a career offender was improper. (*See id.*; Dkt. 1-1 at 1-4.) As a result, he contends, "the Court should vacate [his] sentencing judgment and order him released . . . ." (Dkt. 1-1 at 3.)

On March 9, 2022, the Court received the Transfer Motion. (*See* Dkt. 2 at 1.) The Transfer Motion asks the Court to "transfer the venue of this case to [Walton's] sentencing district"—i.e., the Eastern District of North Carolina. (*Id.*)

The Petition is a collateral challenge to Walton's sentence: he specifically claims that it was incorrect to sentence him as a career offender. But "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986)); *see also, e.g.*, *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (citing *Hill*). Under this rule, Walton should raise his career-offender argument in a motion to vacate in the USDC-EDNC, not in a § 2241 petition in the District of Minnesota.

3

There is an exception to this general rule. Under § 2255(e),

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The upshot of the italicized "savings clause" is that, if Walton could show that the § 2255 remedy were "inadequate or ineffective to test the legality of his detention," this Court could "entertain[]" the Petition. But nothing in the Petition tries to make this showing. (*See* Dkt. 1 at 1-9 (presenting no savings-clause discussion); Dkt. 1-1 at 1-4 (same).) It is a petitioner's burden to show the § 2255 remedy is "inadequate or ineffective." *See Hill*, 349 F.3d at 1091 (citing *DeSimone*, 805 F.2d at 323); *see also, e.g.*, *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (citing cases). This gap means that the Court cannot conclude the § 2255 remedy is ineffective for Walton here. The Court thus lacks jurisdiction to address the Petition. *See Lee*, 943 F.3d at 1147; *Hill*, 349 F.3d at 1091.

The USDC-EDNC sentenced Walton, so Walton should press his challenge there. This is essentially what the Transfer Motion proposes. "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court finds that transfer of the Petition, rather than dismissal, would better serve the interest of justice. Accordingly, this Court

4

recommends granting the Transfer Motion and transferring this action to the USDC-EDNC for further consideration by that court.[2]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner James Earl Walton's Motion to Transfer Venue (Dkt. 2 ("Transfer Motion")) be **GRANTED**.

2. The Clerk of Court be directed to **TRANSFER** this action to the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 1406(a).

Dated: March 23, 2022

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[2] Two points concerning this recommendation. First, the Transfer Motion makes various arguments about why transfer is justified here. The Court reaches its transfer-related conclusions based on the reasoning in this Report and Recommendation, and takes no position on the points made in the Transfer Motion. Second, it appears from the USDC-EDNC docket that Walton has already raised at least one § 2255 motion in that action. (*See* Dkt., *United States v. Walton*, No. 2:07-CR-0017 (BO) (E.D.N.C.) (containing docket entries 36 and 70, each reflecting earlier § 2255 motions).) This raises the possibility that a new § 2255 motion in the USDC-EDNC would be "second or successive," such that certification from the U.S. Court of Appeals for the Fourth Circuit is necessary before the USDC-EDNC can address the Petition (or an argument like that within the Petition). *See* 28 U.S.C. § 2255(h). This Court takes no position on these issues, leaving them for the USDC-EDNC in the first instance.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).